RENDELL, Circuit Judge,
dissenting.
I respectfully disagree with the majority’s reasoning that the initial stop here *137 was lawful because the officers had a “reasonable, articulable suspicion that criminal activity [was] afoot.” Illinois v. Wardlow, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). I suggest the facts do not support that finding.
First, as to the “tip,” the majority is wrong when it says that the existence of the tip can be considered, even though the Government, Holyfield, and the District Court agreed at trial that it was not to be factored into the equation. It cannot be both considered and not considered. It should not be considered at all. [4]
Second, the references to Harris’ “drug-trafficking history” and to her “involve[ment] in drug rings” misstate the paltry record on this point. Detective Covington’s only testimony on the issue was that he knew that Harris had a “drug history” and that he had arrested her approximately three times for unspecified misconduct. [App. 102, 112.] The testimony reveals nothing more.
Lastly, the time of Harris’ flight and the time of Holyfield’s throwing the bag into the backseat are unclear, but both appear to have occurred as the police were already in the process of descending on the scene, exiting two cars with at least one gun drawn.
From the innocuous facts adduced, a reasonable officer could just as easily conclude that Holyfield was bringing Harris her lunch. (I note that I do not fault Hams for making calls rather than looking under the hood and attempting to fix her car. I would probably have been sitting in the car, just like her, awaiting some assistance.) The facts fall far short of providing a reasonable, articulable suspicion of criminal activity. I would REVERSE the denial of the suppression motion and REMAND.

. If anything, the Government's withdrawal of the tip from consideration equates to its being found to be unreliable and therefore clearly off limits for our reasonable suspicion analysis. See, e.g., Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000); United States v. Brown, 448 F.3d 239 (3d Cir.2006).